UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/27/2023

VALBONA PEPAJ,

        Plaintiff,

-against-

INNOVATIVE FACILITY SERVICE, et al.,

        Defendants.

23-CV-7159 (JPC) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    Plaintiff Valbona Pepaj filed a complaint on August 14, 2023 (Dkt. 1), and affidavits of service on September 6, 2023, reflecting service of a summons on ALEX CABRAL on August 25, 2023 (Dkt. 4), and on "INOVATIV FACILITY SERVICE, ALEX CABRAL" on August 28, 2023 (Dkt. 5). If service was valid, both defendants' answers are overdue. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint."). Neither defendant has appeared, and no answer has been filed, nor has plaintiff requested a certificate of default.

    However, plaintiff's service appears to be defective. First, both affidavits of service describe service of "SUMMONS IN A CIVIL ACTION AND APPLICATION FOR THE OOURT [sic] TO REQUEST PRO BONO COUNSEL," but not the complaint, as required by Rule 4(c). *See* Fed. R. Civ. P. Rule 4(c)(1) ("A summons must be served with a copy of the complaint.").

    Second, both affidavits state that the affiant was "duly sworn," but neither is notarized.

    Third, the affidavit of service as to the individual defendant, Alex Cabral (Dkt. 4), does not reflect service upon him personally. Rather, the process server states that service was made on "Katherine Moscanda as Employee authorized to accept service," at Saks Fifth Avenue. (Dkt. 4 at ECF p. 1.) Pursuant to Fed. R. Civ. P. 4(e)(2), service on an individual may be made by:

    (A)    delivering a copy of the summons and of the complaint to the individual personally;

    (B)    leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

    (C)    delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

    There is no indication on the affidavit of service that Katherine Moscando is authorized by appointment or by law to accept service of process on behalf Alex Cabral.

    Rule 4(e) also permits service according to the law of the state "where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). New York law authorizes service of process on a natural person by delivery to "to a person of suitable age and discretion at the actual place of business, dwelling place, or usual place of abode of the person to be served[.]" N.Y.

C.P.L.R. § 308(2). However, service is not complete unless the summons is also mailed to the persons to be served, by first class mail, at his last known residence or at his "actual place of business," in an envelope that meets the requirements of § 308(2), and proof of both the delivery and the mailing is filed with the clerk of the court. *Id*. The mailing must take place within 20 days of the delivery, and the proof of such service must be filed within 20 days of the delivery or the mailing, "whichever is effected later." *Id*.

Plaintiff is reminded that it her responsibility to properly serve defendants with process. Pursuant to Fed. R. Civ. P. 4(m), she must do so within 90 days after the filing of her complaint, that is, no later than **November 13, 2023**.

Dated: New York, New York
September 27, 2023

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**