UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALBONA PEPAJ,

    Plaintiff,

-against-

INNOVATIVE FACILITY SERVICE, et al.,

    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/17/2023

23-CV-7159 (JPC) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

By Order dated September 23, 2023 (Dkt. 8), the Court advised plaintiff Valbona Pepaj that service of process on both defendants appeared to be defective because:

(1) Her affidavits of service (Dkts. 4, 5) describe service of a "SUMMONS IN A CIVIL ACTION AND APPLICATION FOR THE OOURT [sic] TO REQUEST PRO BONO COUNSEL," **but not the complaint**, as required by Fed. R. Civ. P. Rule 4(c)(1) ("A summons must be served with a copy of the complaint.");

(2) Both affidavits of service state that the affiant was "duly sworn," but **neither affidavit is notarized**; and

(3) The affidavit of service as to individual defendant Alex Cabral (Dkt. 4) states that service was made on "Katherine Moscanda as Employee authorized to accept service," at Saks Fifth Avenue (Dkt. 4 at ECF p. 1), but **does not show that Moscanda was authorized by appointment or by law to accept service of process on behalf of Cabral** (who is not a Saks Fifth Avenue employee), as required by Fed. R. Civ. P. 4(e)(2)C), and **does not show that the summons was also mailed to the person to be served, within 20 days of the delivery**, in accordance with N.Y.C.P.L.R. § 308(2).

On October 26, 2023, plaintiff submitted a letter stating that she "delivered the letter [sic] to the Company and Alex Cabral," and claiming that Katherine Moscanda "is [a] process server who delivered affidavit [sic] to Alex Cabral." (Dkt. 9.) These assertions are directly contradicted by the actual affidavit of service as to Cabral, which was signed by process server Rodrick Green. (DKt. 4 at ECF p. 1.) As noted above, Green states that he delivered the summons and the pro bono request (but not the complaint) to Katherine Moscanda. (Dkt. 4 at ECF p. 1.)

Pursuant to Fed. R. Civ. P. 4(m), plaintiff was required to serve defendants within 90 days after the filing of her complaint, which was November 13, 2023. In light of plaintiff's *pro se* status, the Court hereby EXTENDS her deadline to properly serve defendants by 60 days, to **January 12, 2024**.

To avoid future difficulties, plaintiff may wish to engage a different process server and provide copies of this Court's Orders to the server. Alternatively, plaintiff may wish to contact the New York Legal Assistance Group (NYLAG) Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the Court. It cannot accept filings on behalf of the Court, which must still be made by any pro se party through the Pro Se Intake Unit.

To receive limited-scope assistance from the clinic, parties may complete the clinic's intake form on their computer or phone at: https://tinyurl.com/NYLAG-ProSe-OI. If parties have questions regarding the form or they are unable to complete it, they may leave a voicemail at (212) 659-5190. The Clinic is open on weekdays from 10 a.m. to 4 p.m., except on days when the Court is closed. A copy of a flyer with details about the clinic is attached to this Order.

Dated: New York, New York
       November 17, 2023                SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**