USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/18/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALBONA PEPAJ,

   Plaintiff,

 -against-

INNOVATIVE FACILITY SERVICES, LLC, et al.,

   Defendants.

23-CV-7159 (JPC) (BCM)

**ORDER**

**BARBARA MOSES, United States District Judge.**

 The Court is in receipt of plaintiff's letter, dated April 15 but filed April 16, 2024, requesting that the Court provide her with *pro bono* counsel. (Dkt. 44.)

 In civil cases like this one, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Even if a court does believe that a litigant should have a lawyer, it has no authority to "appoint" counsel, but instead, may only "request," pursuant to 28 U.S.C. § 1915(e)(1), that an attorney volunteer to represent that litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). The district court has "broad discretion" when deciding whether to make such a request. *Hodge*, 802 F.2d at 60. Moreover, courts do not have funds to pay counsel in civil matters. The district court must therefore request the services of *pro bono* counsel sparingly, in order to preserve the "precious commodity" of volunteer lawyer time for the cases in which representation is most crucial. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

 In determining whether to grant an application for counsel, the district court must consider "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam). As a threshold matter, a plaintiff must ordinarily demonstrate that her claim has

substance – some likelihood of success – before the court will request a pro bono attorney on her behalf. *See Hodge*, 802 F.2d at 60-61.

After applying these factors, the Court concludes that plaintiff's application must be denied at this time. The Complaint has not yet been tested on the merits. In response to plaintiff's pending motion for a default judgment (Dkt. 32), which she filed *pro se*, defendants have requested that the Court deny the motion, vacate the certificate of default, and permit them to respond to the Complaint with a motion to dismiss and/or to compel arbitration. (Dkt. 42.)[1] A more fully developed record will be necessary before it can be determined whether (assuming the case remains in this Court) the merits of the case, together with the other *Cooper* factors, warrant the services of *pro bono* counsel. Accordingly, plaintiff's application is DENIED without prejudice to renewal at such time as the existence of a potentially meritorious claim can be demonstrated.[2]

Dated: New York, New York
April 18, 2024

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

---

[1] Plaintiff's deadline for filing reply papers in further support of her motion for a default judgment remains **April 25, 2024**. (*See* Dkt. 43.)

[2] The Court notes that plaintiff has been in touch with the New York Legal Assistance Group (NYLAG) Clinic for Pro Se Litigants, which offered (in January of this year) to "answer questions, provide guidance, and help [her] interpret orders from the judge." (Dkt. 44 at ECF p. 3.) While the NYLAG Clinic cannot provide an attorney to appear on plaintiff's behalf in this action, the services it does offer are valuable, and plaintiff is encouraged to take advantage of the opportunity.