USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __5/13/2024__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALBONA PEPAJ,

    Plaintiff,

 -against-

INNOVATIVE FACILITY SERVICES, LLC, et al.,

    Defendants.

23-CV-7159 (JPC) (BCM)

**MEMORANDUM AND ORDER RE:**
**(1) MOTION TO AMEND;**
**(2) MOTION FOR DEFAULT; AND**
**(3) MOTION TO VACATE DEFAULT**

**BARBARA MOSES, United States Magistrate Judge.**

  Plaintiff Valbona Pepaj, proceeding *pro se*, filed this action against her former employer, Innovative Facility Services, LLC (IFS), and her former supervisor, Alex Cabral, alleging sex discrimination, harassment, and retaliation in violation of federal, state, and local law. *See* Compl. (Dkt. 1) at ECF pp. 1-7. Now before the Court are: (1) plaintiff's motion to amend her Complaint "to add 32BJ as a defendant" (Mot. to Amend) (Dkt. 20)[1]; (2) plaintiff's motion for a default judgment against IFS and Cabral (Default Mot.) (Dkt. 32); and (3) defendants' cross-motion to vacate the certificates of default previously entered against IFS and Cabral (Mot. to Vacate) (Dkt. 42). For the reasons that follow, defendants' motion to vacate the certificates of default will be granted, thereby mooting plaintiff's motion for default judgment, and plaintiff's motion to amend will be denied.

**I.  BACKGROUND**

  Plaintiff worked as an office cleaner for IFS, supervised by Cabral, until her employment was terminated on September 5, 2019, "ostensibly for job abandonment." Compl. at ECF pp. 10, 15. In this Court, she alleges that IFS and Cabral violated Title VII of the Civil Rights Act of 1964,

---

[1] The Court understands "32 BJ" to mean the Service Employees International Union, Local 32BJ (Local 32BJ), which was plaintiff's collective bargaining unit when she was employed by IFS. *See* Compl. at ECF pp. 11, 27-29, 31-52.

the New York State Human Rights Law, and the New York City Human Rights Law. *See* Compl. at ECF pp. 2-16. Plaintiff initially grieved her termination through her union, without success. *See id.* at ECF pp. 15, 31, 40. She then filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on November 18, 2021 (and again on November 23, 2021), naming IFS as the respondent and alleging discrimination based on race, sex, and national origin, as well as retaliation. *Id.* at ECF pp. 23, 50. On December 1, 2021, plaintiff was issued a "notice of rights to sue" by the EEOC, and on June 29, 2023, the EEOC sent her another copy of the notice, after being informed that she did not receive the earlier notice. *Id.* at ECF p. 9.

Plaintiff filed this action on August 14, 2023, paying the filing fee, and a summons was issued that day. On February 7, 2024 – after making numerous attempts to serve defendants with process (*see* Dkts. 4, 5, 9, 14, 15, 18) – plaintiff filed a document entitled "Declaration" in which she summarized those efforts, attached supporting documents, and requested leave "to move for default judgment against defendant, Alex Cabral for failure to respond." (Dkt. 19 at 2.) At that point, however, no certificate of default had been entered against either defendant. Also on February 7, 2024, plaintiff filed her motion seeking leave to "add 32BJ as a defendant." Mot. to Amend at 1. Plaintiff did not attach a proposed amended complaint. Nor did she provide any additional information concerning the proposed amendment.

One week later, on February 14, 2024, plaintiff filed proposed certificates of default as to both defendants, which the Clerk issued that same day. (Dkts. 27-28.) Plaintiff then filed proposed default judgments – again, as to both defendants – but the Clerk declined to issue them. (Dkts. 29-30.) On March 4, 2024, plaintiff filed an Affirmation of Service attesting to another service attempt on IFS – this time by certified mail on February 16, 2024 – and reiterating her request for a certificate of default as to IFS. *See* Pl. 3/4/24 Aff. (Dkt. 31) at ECF pp. 1-2. (It is not clear whether plaintiff understood, at that time, that the requested certificate had been issued two days earlier.)

2

On March 8, 2024, plaintiff filed a Notice of Motion for Default Judgment as to both defendants, supported by a new declaration in which she summarizes her service efforts, attaches various supporting documents, and writes, in relevant part: "I served the papers to defendants so many times. They receive my papers. I pray you grant me my case and motion because they don't respond to the Court." Pl. 3/8/24 Decl. (Dkt. 33) at 2.

Insofar as the docket reveals, plaintiff did not serve her March 8, 2024 default motion or supporting papers on the defendants. Nonetheless, on March 18, 2024, attorneys Joan B. Lopez and Casey Katz Pearlman, of Lewis Brisbois Bisgaard & Smith LLP, entered appearances on behalf of defendant IFS (Dkts. 34, 36) and filed a letter-motion requesting an extension of both defendants' time to respond to plaintiff's motion for a default judgment. Def. 3/18/24 Ltr. (Dkt. 35) at 1. The Court extended IFS's deadline to respond to the default motion to April 8, 2024. (Dkt. 37.) On March 22, 2024, the same attorneys entered appearances on behalf of defendant Cabral (Dkts. 38-39), and sought the same extension of his time to respond to the default motion. (Dkt. 40.) The Court granted that motion as well. (Dkt. 41.)

On April 8, 2024, defendants filed a letter-brief in which they oppose plaintiff's motion for a default judgment, cross-move for an order vacating the certificates of default entered against them, and request leave to move to dismiss the Complaint "under Fed. R. Civ. P. 12(b)(1), 12(b)(5), and 12(b)(6), or in the alternative, to compel mandatory mediation and arbitration pursuant to the operative collective bargaining agreement[.]" Def. Opp. (Dkt. 42) at 1. On April 11, 2024, the Court directed plaintiff to file any response to defendants' cross-motion no later than April 25, 2024. (Dkt. 43.) On April 15, 2024, plaintiff submitted a handwritten letter requesting *pro bono* counsel. (Dkt. 44.) The Court denied that request without prejudice to renewal at such time as the existence of a potentially meritorious claim can be demonstrated. (Dkt. 45.) On April 24, 2024, plaintiff filed a one-page Affirmation in Opposition to Motion in which she states that defendants'

3

motion should be denied because "service was proper and Defendants[] failed to appear within the time prescribed." (Dkt. 46 at 1.) On May 1, 2024, defendants filed a reply letter-brief in further support of their motion to vacate, noting that plaintiff failed to address most of the arguments raised in defendants' motion. Def. Reply (Dkt. 47) at 1. Additionally, defendants request four weeks from the date of vacatur to move to dismiss, or, in the alternative, to compel arbitration. *Id.* at 2.

## II.   ANALYSIS

Defendants' motion to vacate (set aside) the certificates of default against them, if granted, will moot plaintiff's motion for the entry of a default judgment. *See, e.g.*, *Sec. & Exch. Comm'n v. Patel*, 2022 WL 2704099, at *1 (D. Conn. July 12, 2022); *Holzman Fabian Diamonds Ltd. v. R & E Diamonds LLC*, 2019 WL 1099944, at *1 (S.D.N.Y. Mar. 8, 2019); *Westchester Fire Ins. Co. v. Tyree Serv. Corp.*, 304 F.R.D. 111, 114 (E.D.N.Y. 2014). Consequently, the Court addresses the vacatur motion first.

### A.   Defendants' Motion to Vacate is Granted, Mooting Plaintiff's Motion for a Default Judgment

A federal district court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The Second Circuit has established a three-part test for determining whether there is good cause under this rule: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). This standard is applied "more rigorously" where a default judgment has already been entered, *id.*, and less rigorously where, as here, certificates of default have been issued under Rule 55(a), but no judgment has yet been entered. *See, e.g.*, *Levy v. Nierman*, 2019 WL 147462, at *3 (S.D.N.Y. Jan. 8, 2019).[2]

---

[2] "A motion to set aside an entry of default is subject to disposition by a magistrate judge under 28 U.S.C. § 636(b)(1)(A)." *Johnson v. New York Univ.*, 324 F.R.D. 65, 67 n.2 (S.D.N.Y. 2018)

Here, all three factors weigh in favor of vacatur. First, defendants' default was not willful. "'[W]illfulness,' in the context of a default . . . refer[s] to conduct that is more than merely negligent or careless,' but is instead 'egregious and . . . not satisfactorily explained.'" *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (citing *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)). Although plaintiff made numerous attempts to serve both defendants, the Court has already explained that her initial efforts were ineffective (*see* Dkts. 8, 10, 17), and defendants contend that *all* of her efforts were ineffective. *See* Def. Opp. at 4-5 (arguing that email service upon a legal assistant employed by an affiliate of IFS, known as KBS, did not constitute effective service upon either IFS or Cabral). However, this Court need not resolve the sufficiency of plaintiff's service in order to find that defendants did not "intentionally disregard[] service of a complaint or otherwise act[] in bad faith." *See Levy*, 2019 WL 147462, at *3 (collecting cases).

Plaintiff's process server attempted to serve the summons and Complaint (by email, to the KBS paralegal) on January 10, 2014. *See* Pl. 3/8/24 Decl. at ECF pp. 40-41, 45-46. It appears that plaintiff herself made additional service efforts (by certified mail, to IFS in Ohio and to KBS in California) on January 31 and February 16, 2024. *Id*. at ECF pp. 38-39; Pl. 3/4/24 Aff. at 2. Less than a month after the last mailing, on March 15, 2024, defendants' counsel called plaintiff, at the telephone number provided in the Complaint, to discuss the case, and followed up via email. Def. 3/18/24 Ltr. at 2. Three days after that – when plaintiff did not return their phone call or respond to their email – defendants' counsel appeared and requested a reasonable extension of their time to oppose plaintiffs' default motion (which had been filed just ten days earlier). Defendants then complied with their extended deadline, and now seek leave to respond to the Complaint with a

---

(quoting *Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 335 n.1 (S.D.N.Y. 2013)), *aff'd*, 800 F. App'x 18 (2d Cir. 2020); *accord Li v. Fleet New York Metro. Reg'l Center LLC*, 2022 WL 1666963, at *2 n.2 (E.D.N.Y. May 25, 2022) (collecting cases).

motion to dismiss or compel arbitration. Def. Opp. at 1. It is thus clear that, upon becoming aware of this lawsuit, "[d]efendants attempted to participate in the action at some level," *Levy*, 2019 WL 147462, at *3, precluding a finding of willfulness.

Second, plaintiff will not be prejudiced by a vacatur of the certificates of default. "[D]elay alone is not a sufficient basis for establishing prejudice." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). In this case, moreover, the delay was brief, and there is no showing that it will "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id.* (internal quotation marks and citations omitted); *see also Fonseca v. Columbia Gas Sys., Inc.*, 37 F. Supp. 2d 214, 232 (W.D.N.Y. 1998) (plaintiff "will not be prejudiced by setting aside the entry of default" where defendant "appeared in the action prior to receiving notice of the entry of default, and moved to set aside the entry of default immediately upon receiving such notice").[3]

Finally, defendants raise a variety of potentially meritorious defenses. In addition to arguing that service was ineffective, they contend that all of plaintiff's claims are time-barred; that her employment was terminated for non-discriminatory reasons; and that, under her collective bargaining agreement, she is "required to send her claims to mandatory mediation and arbitration." Def. Opp. at 6-7. Defendants have thus satisfied the third criterion for vacatur of the certificates of default. *See Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) ("To satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive at this stage.").

For these reasons, defendants' cross-motion to vacate the certificates of default is GRANTED, and plaintiff's motion for a default judgment is DENIED, "without prejudice as moot." *Holzman Fabian Diamonds*, 2019 WL 1099944, at *1.

---

[3] As defendants point out, *see* Def. Opp. at 6, it is the nearly four-year delay between the termination of plaintiff's employment and her initiation of this lawsuit that poses the greatest risk of loss of evidence.

### B. Plaintiff's Motion to Amend is Denied Without Prejudice

Pursuant to Fed. R. Civ. P. 15(a)(2), plaintiff requires leave of the Court (or the written consent of the opposing parties) to amend the Complaint. As a general rule, "[t]he court should freely give leave when justice so requires." *Id*. Courts ordinarily grant *pro se* plaintiffs leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted).

Here, however, plaintiff does not seek to strengthen or update her claims against IFS or Cabral; rather, she seeks to state new claims against a new defendant – her union – without any indication as to the nature of those claims. As noted above, plaintiff does not attach a copy of her proposed amended complaint, which is reason enough to deny the motion. *See Zito v. Leasecomm Corp.*, 2004 WL 2211650, at *25 (S.D.N.Y. Sept. 30, 2004) (denying motion for leave to amend where no proposed amended pleading was filed, leaving the court "to guess at the precise nature of the contemplated changes"). Nor does she provide any hint as to the substance of the claims she wishes to plead against Local 32BJ. *See* Mot. to Amend at 1 (reading, in full: "Plaintiff Valbona Pepaj requests that the Court: To amend Complaint to add 32BJ as a defendant.").

Moreover, nothing in the existing Complaint permits the Court to infer that a valid claim might be stated against Local 32BJ. Although plaintiff alleges that she was unable to redress her termination through union grievance procedures, *see* Compl. at ECF p. 15, ¶¶ 12-15, she does not state any facts suggesting that Local 323BJ violated its duty of fair representation or engaged in any other misconduct. The Court further notes that plaintiff's last contact with Local 32BJ appears to have been on March 6, 2020, when it informed her that her grievance "would not be taken to arbitration." *Id*. ¶ 15. The statute of limitations for a federal claim alleging that a union has breached its duty of fair representation is six months, *DelCostello v. Int'l Bhd. of Teamsters*, 462

7

U.S. 151, 172 (1983); *Carrion v. Enter. Ass'n, Metal Trades Branch Loc. Union 638*, 227 F.3d 29, 32 (2d Cir. 2000), and has long run.

Since there is no basis in the present record upon which the Court could grant the relief requested, plaintiff's motion for leave to amend her Complaint to add new claims against Local 32BJ is DENIED without prejudice to a properly supported motion.[4]

## III. CONCLUSION

For the reasons set forth above, defendants' cross-motion to vacate the certificates of default against them (Dkt. 42) is GRANTED. The certificates of default (Dkts. 27 and 28) are hereby VACATED. Plaintiff's motions (Dkts. 20, 32) are DENIED. Defendants must answer or move against the Complaint no later than **June 10, 2024**.

Judge Moses will hold a pre-motion conference on **May 23, 2024, at 10:00 a.m.**, in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse. Plaintiff must appear in person (unless she has retained counsel to appear on her behalf). Defendants may appear through counsel, and should be prepared to discuss the bases for their anticipated motions. With respect to their potential motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) (insufficient service of process), defendants should consider, among other things, the efficiency of such a motion, given

---

[4] Although the Second Circuit has not addressed the issue, many judges in this District have concluded that a motion for leave to amend a pleading is "non-dispositive," and therefore may be either granted or denied by a magistrate judge, subject to review under the "clearly erroneous" standard set forth in Fed. R. Civ. P. 72(a). *See, e.g.*, *Recio v. D'Almonte Enterprises Parking Garage, Inc.*, 2024 WL 1433710, at *1 n.1 (S.D.N.Y. Apr. 3, 2024) (denying motion for leave to amend, by order, on procedural grounds); *Set Cap. LLC v. Credit Suisse Grp. AG*, 2024 WL 20887, at *5 (S.D.N.Y. Jan. 2, 2024) (denying motion for leave to amend, by order, as futile); *Vyas v. Taglich Bros., Inc.*, 2023 WL 8810516, at *1 (S.D.N.Y. Dec. 20, 2023) (denying motion for leave to amend, by order, as untimely *and* futile); *Prosper v. Thomson Reuters Inc.*, 2021 WL 535728, at *1 n.1 and *4 n.6 (S.D.N.Y. Feb. 11, 2021) (same). "This is particularly true where, as here, the ruling on the motion is 'based on procedural grounds' rather than on 'a substantive evaluation of the viability of the proposed claim.'" *Recio*, 2024 WL 1433710, at *1 n.1 (quoting *Rodriguez v. City of N.Y.*, 2022 WL 22329900, at *1 n.2 (E.D.N.Y. Sept. 29, 2022)).

that this Court has the authority to further extend the service period, *see* Fed. R. Civ. P. 4(m), and – if service in accordance with state law is impractical – to authorize service by alternative means. *See* N.Y.C.P.L.R. (CPLR) § 308(5) (individuals); CPLR § 311(b) (corporations); *Pearson Educ., Inc. v. Aggarwal*, 2022 WL 3700142, at *3 (S.D.N.Y. Aug. 26, 2022) (authorizing email service upon various corporate defendants registered in the United States pursuant to Fed. R. Civ. P. 4(e)(1) and CPLR § 311(b)).

Dated: New York, New York
       May 13, 2024                              **SO ORDERED.**

                                                 _____
                                                 **BARBARA MOSES**
                                                 **United States Magistrate Judge**